The Honorable Denny Altes State Representative 8600 Moody Road Fort Smith, Arkansas 72903-6718
Dear Representative Altes:
I am writing in response to your request, on behalf of a constituent, for an opinion on the issuance of warrants for hot check violations where the checks are written in payment of apartment rent. Specifically, you have enclosed a letter from your constituent, a landlord, who states that a particular judge in Fort Smith will no longer issue warrants for insufficient checks written for rental payments. You and your constituent inquire as to the distinction between a check written for apartment rent and a check written, for example, for groceries. The question presented for resolution therefore appears to be whether an insufficient check given for apartment rent is prosecutable as a "hot check."
RESPONSE
In my opinion a 1987 amendment to the "Arkansas Hot Check Law" (A.C.A. §5-37-302) and § 5-37-307 (sometimes called the "Warm Check Law"), specifically includes the payment of rent as prosecutable under either of these two provisions. Some confusion on the issue may have arisen due to the fact that the statute was amended in 1977 to remove payments for "pre-existing debts" from prosecution under the Arkansas Hot Check Law. The 1987 amendment regarding payment of rent, however, was enacted later and should control assuming all the requisite elements of the charge can be proven.
There are two provisions under which insufficient checks may be prosecuted. The first is A.C.A. § 5-37-302 (Supp. 2001), which provides in pertinent part that:
It shall be unlawful for any person:
 (1) To procure any article or thing of value, or to secure possession of any personal property to which a lien has attached or to make payment of rent or to make payment of a child support payment or to make payment of any taxes, licenses, or fees, or any fine or court costs, or for any other purpose to make or draw or utter or deliver, with the intent to defraud, any check, draft, order, or any other form of presentment involving the transmission of account information for the payment of money upon any in-state or out-of-state bank, person, firm, or corporation, knowing at the time of such making, drawing, uttering, or delivering that the maker or drawer has not sufficient funds in, or on deposit with, such bank, person, firm, or corporation for the payment of such check, draft, order, or other form of presentment involving the transmission of account information in full, and all other checks, drafts, orders, or other forms of presentment involving the transmission of account information upon such funds then outstanding . . .
A.C.A. § 5-37-302, as amended by Acts 2001, No. 1466 (emphasis added).
The other relevant section is A.C.A. § 5-37-307 (Supp. 2001), which is sometimes informally referred to as the "warm check law." It was enacted in 1985, more recently than the "Hot Check Law," which was originally adopted in 1959. The primary difference between the "warm check law" and the "Hot Check Law," is that under the "warm check law," it is not necessary to prove intent to defraud. See Ops. Att'y. Gen. 2000-181 and 97-009 at n. 1. Section 5-37-307 provides in pertinent part as follows:
 (a)(1) A person commits an offense if he issues or passes a check, order, draft, or any other form of presentment involving the transmission of account information for the payment of money knowing that the issuer does not have sufficient funds in or on deposit with the bank or other drawee for the payment in full of the check, order, draft, or any other form of presentment involving the transmission of account information, as well as all other checks, orders, drafts, or any other form of presentment involving the transmission of account information outstanding at the time of issuance.
 (2) This section and § 21-6-411 do not apply to preexisting debt or situations where nothing of value was acquired, but do apply to rents,
child support payments, consignments, taxes, licenses, fees, fines, and court costs. [Emphasis added.]
The first provision cited above is a part of the "Arkansas Hot Check Law" and was originally enacted in 1959. As originally enacted, it also made it unlawful to make payment of a pre-existing debt with a worthless check under the circumstances listed in A.C.A. § 5-37-302. The statute was amended in 1977, however, and the language regarding pre-existing debts was removed. See Acts 1977, No. 155. This amendment led the Arkansas Supreme Court to hold in Ridenhour v. State, 279 Ark. 240, 650 S.W.2d 575
(1983) that a worthless check given for a pre-existing debt is not prosecutable under the Hot Check Law. Additionally, the court held that where nothing of value is given or received for the issuance of the check, the act is similarly beyond prosecution. I, and two of my predecessors have each concluded, therefore, that under given circumstances a prosecution will not lie where the payment is for a pre-existing debt. See Ops. Att'y. Gen. 86-195 (payment for pre-existing debt not prosecutable); 97-009 (checks written in payment of rent-to-own contracts for equipment not prosecutable if properly characterized as installment sales contracts rather than true rental agreements); 2000-181 (legality of prosecution for worthless check given in payment for utility services depends upon whether there is a simultaneous exchange of value or whether the services have already been received at the time of issuance of the check, such that payment is for a pre-existing debt).
The statute has been amended several times, however, since 1977, to include, as prosecutable, checks written for such things as taxes, licenses and fees, fines and court costs, rent, and child support payments. See Acts 1977, No. 155 (taxes, licenses or fees); Acts 1985, No. 1012 (fines and court costs); Acts 1987, No. 69 (rent); Acts 1991, No. 1051 (child support payments). The Hot Check Law was therefore specifically amended in 1987 to include, as prosecutable, worthless checks written in payment for rent. If, as your questions, suggests, the checks at issue were written for payment of a true rental agreement for apartment rent, and all the other elements of A.C.A. § 5-37-302 are present, prosecution should lie in my opinion. It must be noted, however, that facts of individual cases may impact the question. The prosecuting attorney and other appropriate judicial officers are of course in the best position to make these types of factual determinations.
The so-called "warm check law," A.C.A. § 5-37-307 (Supp. 2001), was first enacted in 1985 and contained the language in A.C.A. § 5-37-307 (a)(2) excluding pre-existing debts, but including payments for consignments, taxes, licenses, fees, fines and court costs in the original enactment. The payment of rent was added to the "warm check law" by Acts 1987, No. 69. The same conclusions reached above, therefore should also apply in prosecutions under the "warm check law," assuming all other elements of that offense are met.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh